**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **BRANDON COOK**<br>1608 Tall Meadows Drive<br>Columbus, Ohio 43223,<br><br>      Plaintiff,<br><br>v.<br><br>**SYNCHRONY BANK**<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219,<br><br>and<br><br>**EQUIFAX INFORMATION SERVICES<br>LLC**<br>c/o Corporation Service Company<br>1160 Dublin Road, Suite 400<br>Columbus, Ohio 43215,<br><br>and<br><br>**TRANS UNION, LLC**<br>c/o The Prentice-Hall Corporation System,<br>Inc.<br>1160 Dublin Road, Suite 400<br>Columbus, Ohio 43215,<br><br>and<br><br>**EXPERIAN INFORMATION<br>SOLUTIONS, INC.**<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219,<br><br>      Defendants. | Case No.<br><br>Judge<br><br><br>**<u>JURY DEMAND ENDORSED HEREIN</u>** |

Page **1** of **13**

---

## COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF

---

The following allegations are based upon Plaintiff Brandon Cook's ("Plaintiff") personal knowledge, the investigation of counsel, and information and belief. Plaintiff, through counsel, alleges as follows:

### I.      INTRODUCTION

1.  In or around October of 2023, Defendant Synchrony Bank ("Defendant Synchrony") began falsely reporting that Plaintiff owed an alleged debt.

2.  Defendants TransUnion, LLC ("Defendant TransUnion"), Experian Information Solutions, Inc. ("Defendant Experian"), and Equifax Information Services LLC ("Defendant Equifax") knowingly reported false, misleading, and inaccurate information relating to this charge on Plaintiff's credit report and published inaccurate information to third parties.

3.  As a result of Defendants' unlawful actions, Plaintiff was forced to bring this action to recover his damages and fix his credit score.

### II.      PRELIMINARY STATEMENT

4.  Plaintiff institutes this action for actual damages, statutory damages, punitive damages, declaratory and injunctive relief, attorney fees, and the costs of this action against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* ("FCRA").

### III.      JURISDICTION

5.  This Court has jurisdiction over Counts 1, 2, 3, and 4 pursuant to the FCRA, 15 U.S.C. § 1681 and 28 U.S.C. §§ 1331 and 1337.

6. This Court has personal jurisdiction over all Defendants because Defendants transact business within this District, the alleged debt was incurred within this District, and discovery of the incorrect alleged debt occurred within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

## IV.    VENUE

7. A substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio.

8. Venue is proper in accordance with 28 U.S.C. § 1391(b)(2).

## V.    PARTIES

9. Plaintiff is a natural person who at all times relevant was residing within this Court's jurisdiction at 1608 Tall Meadows Drive, Columbus, Ohio 43223.

10. Plaintiff was and is a "**person**" within the meaning of the FCRA at 15 U.S.C. § 1681a(b).

11. Plaintiff was and is a "**consumer**" within the meaning of the FCRA at 15 U.S.C § 1681a(c).

12. Defendant Synchrony is a Federal savings bank incorporated in Delaware with a principal place of business in Utah.

13. Defendant Synchrony is a "**person**" within the meaning of the FCRA at 15 U.S.C. § 1681a(b) at all times relevant to this transaction.

14. Defendant Experian is a foreign corporation headquartered in California.

15. Defendant Experian is a "**person**" within the meaning of the FCRA at 15 U.S.C. § 1681a(b) at all times relevant to this transaction.

16. Defendant Experian is a "**Consumer Reporting Agency**" within the meaning of the FCRA at 15 U.S.C. § 1681a(f) and 15 U.S.C. § 1681a(p) at all times relevant to this transaction.

17. Defendant Equifax is a foreign limited liability company headquartered in Georgia.

18. Defendant Equifax is a **"person"** within the meaning of the FCRA at 15 U.S.C. § 1681a(b) at all times relevant to this transaction.

19. Defendant Equifax is a **"Consumer Reporting Agency"** within the meaning of the FCRA at 15 U.S.C. § 1681a(f) and 15 U.S.C. § 1681a(p) at all times relevant to this transaction.

20. Defendant TransUnion is a foreign limited liability company with its principal place of business in Illinois.

21. Defendant TransUnion was and is a **"person"** within the meaning of the FCRA at 15 U.S.C. § 1681a(b) at all times relevant to this transaction.

22. Defendant TransUnion is a **"Consumer Reporting Agency"** within the meaning of the FCRA at 15 U.S.C. § 1681a(f) and 15 U.S.C. § 1681a(p) at all times relevant to this transaction.

## VI.    FACTUAL ALLEGATIONS

23. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

24. Defendant Synchrony and its agents furnished false, misleading, or inaccurate information to Defendants Experian, TransUnion, and Equifax, stating that Plaintiff owes a past due debt that originated from Defendant Synchrony.

25. Defendant Synchrony failed to alert Plaintiff of the alleged past due balance.

26. Defendant Synchrony knew or should have known that the reported debt was false.

27. Dating back to 2023, Defendant Equifax has incorrectly reported Plaintiff had a past due balance of $855.00.

28. A true and accurate copy of Defendant Equifax's report, dated August 5, 2025, is attached hereto as **Exhibit A.**

29. Defendant TransUnion was incorrectly reporting that Plaintiff's account was 30 to 60 days past due since October 2023.

30. A true and accurate copy of Defendant TransUnion's report, dated August 5, 2025, is attached hereto as **Exhibit B.**

31. Defendant Experian was incorrectly reporting that Plaintiff's account is 30 to 60 days past due since October 2023.

32. A true and accurate copy of Defendant Experian's report, dated August 5, 2025, is attached hereto as **Exhibit C.**

33. Plaintiff's credit score decreased as a result of the above tradelines reported on his reports.

34. Defendant Synchrony did not notify Plaintiff that he owed any money.

35. Plaintiff disputed the false, inaccurate, and misleading reporting of this alleged debt by Defendants Experian, TransUnion, and Equifax, pursuant to the FCRA.

36. On May 6, 2025, Plaintiff mailed a letter to Defendant Equifax disputing the reporting of this alleged debt.

37. Defendant Equifax failed to conduct a reasonable reinvestigation of the disputed tradelines as required by the FCRA.

38. Defendant Equifax failed to list the erroneous tradelines from Plaintiff's credit report as disputed pursuant to the FCRA.

39. Defendant Equifax failed to permanently delete the erroneous tradelines from Plaintiff's credit report pursuant to the FCRA.

40. On May 6, 2025, Plaintiff mailed a letter to Defendant TransUnion disputing the reporting of this alleged debt.

41. Defendant TransUnion failed to conduct a reasonable reinvestigation of the disputed tradelines as required by the FCRA.

42. Defendant TransUnion failed to list the erroneous tradelines from Plaintiff's credit report as disputed pursuant to the FCRA.

43. Defendant TransUnion failed to permanently delete the erroneous tradelines from Plaintiff's credit report pursuant to the FCRA.

44. Defendant TransUnion failed to notify Plaintiff of the result of the reinvestigation as required by the FCRA.

45. On May 6, 2025, Plaintiff mailed a letter to Defendant Experian disputing the reporting of this alleged debt.

46. Defendant Experian failed to conduct a reasonable reinvestigation of the disputed tradelines as required by the FCRA.

47. Defendant Experian failed to list the erroneous tradelines from Plaintiff's credit report as disputed pursuant to the FCRA.

48. Defendant Experian failed to permanently delete the erroneous tradelines from Plaintiff's credit report pursuant to the FCRA.

49. Defendant Experian failed to notify Plaintiff of the result of the reinvestigation as required by the FCRA.

50. Plaintiff's credit was adversely affected due to Defendants' actions.

51. Defendants Experian, TransUnion, and Equifax published erroneous information to third parties.

52. Defendants' actions caused damages to Plaintiff in an amount to be proven at trial, including but not limited to a decreased credit score and increased interest rates.

53. As a result of Defendants' actions, Plaintiff suffers severe emotional distress, including anxiety, stress, and sleepless nights.

54. As a result of Defendants' actions, Plaintiff was required to incur the legal fees and expenses of initiating the present lawsuit.

### VII.  FIRST COUNT – DEFENDANT SYNCHRONY'S FCRA VIOLATIONS

55. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

56. For all the reasons stated herein, Defendant Synchrony violated the FCRA and is liable to Plaintiff for damages.

57. On May 6, 2025, pursuant to 15 U.S.C. § 1681i(a)(1)(A), Plaintiff requested that Defendants Experian, TransUnion, and Equifax conduct a reasonable reinvestigation of Plaintiff's consumer file.

58. Defendants Experian, TransUnion, and Equifax communicated Plaintiff's dispute to Defendant Synchrony.

59. Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

60. Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all of the relevant information Defendants Experian, TransUnion, and Equifax provided to it for its investigation.

61. Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of its investigation to Defendants Experian, TransUnion, and Equifax.

62. Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report to Defendants Experian, TransUnion, and Equifax that the information it furnished regarding Plaintiff's alleged debt was inaccurate.

63. Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate reporting of Plaintiff's alleged debt.

64. Defendant Synchrony's violations of 15 U.S.C. § 1681 *et seq.* are willful violations.

65. Defendant Synchrony's violations of 15 U.S.C. § 1681 *et seq.* are negligent violations.

66. Plaintiff's credit score has been damaged as a result of Defendant Synchrony's actions.

67. Plaintiff was damaged by the release of fraudulent information furnished by Defendant Synchrony to third parties.

68. Plaintiff was forced to pay the cost of sending letters to credit reporting agencies and others to correct his credit report as a result of Defendant Synchrony's actions.

69. As a result of the conduct, action, and inaction of Defendant Synchrony, Plaintiff suffered damage by the disclosure of inaccurate or false information to third parties, loss of credit, loss of ability to purchase and benefit from a higher credit score, and the mental and emotional pain, humiliation, and embarrassment from the release of false information to third parties.

70. Due to these violations, Defendant Synchrony is liable to Plaintiff in the amount of his actual damages, injunctive relief, punitive damages in excess of $5,000.00, plus attorney fees, and the costs of the action, including pursuant to 15 U.S.C. § 1681n and 1681o.

## VIII.  SECOND COUNT – DEFENDANT EQUIFAX'S FCRA VIOLATIONS

71. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

72. For all the reasons stated herein, Defendant Equifax violated the FCRA and is liable to Plaintiff for damages.

73. On or about April 24, 2025, Plaintiff, pursuant to 15 U.S.C. § 1681i(a)(1)(A), requested that Defendant Equifax conduct a reasonable reinvestigation of Plaintiff's consumer file.

74. Defendant Equifax failed to perform a reasonable reinvestigation required under 15 U.S.C. § 1681i(a)(1)(A).

75. Defendant Equifax failed to indicate that the inaccurate information on Plaintiff's consumer file was disputed in violation of 15 U.S.C. § 1681c(f).

76. Defendant Equifax failed to delete or modify the inaccurate information on Plaintiff's consumer file and notify him that the inaccurate information had been removed in violation of 15 U.S.C. § 1681i(a)(5).

77. Defendant Equifax failed to notify Plaintiff that it received the dispute in violation of 15 U.S.C. § 1681i(a)(2).

78. Defendant Equifax failed to notify Plaintiff of the results of its reinvestigation in violation of 15 U.S.C. § 1681i(a)(6).

79. Defendant Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to conduct a reasonable reinvestigation and continuing to publish inaccurate information in Plaintiff's consumer file after receiving actual notice of such inaccuracies.

80. Defendant Equifax published the false information to third parties.

81. As a result of the conduct, action, and inaction of Defendant Equifax, Plaintiff suffered damage by the disclosure of inaccurate or false information to third parties, including but not limited to loss of credit, higher interest rates, loss of ability to purchase and benefit from a higher credit score, and the mental and emotional pain, humiliation, and embarrassment from the release of false information to third parties.

82. Defendant Equifax's conduct, action, and inaction were willful.

83. Due to these violations, Defendant Equifax is liable to Plaintiff in the amount of his actual damages, injunctive relief, punitive damages in excess of $5,000.00, plus attorney fees, and the costs of the action, including pursuant to 15 U.S.C. § 1681n and 1681o.

## IX.   THIRD COUNT – DEFENDANT EXPERIAN'S FCRA VIOLATIONS

84. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

85. For all the reasons stated herein, Defendant Experian violated the FCRA and is liable to Plaintiff for damages.

86. On or about May 6, 2025, Plaintiff, pursuant to 15 U.S.C. § 1681i(a)(1)(A), requested that Defendant Experian conduct a reasonable reinvestigation of Plaintiff's consumer file.

87. Defendant Experian failed to perform a reasonable reinvestigation required under 15 U.S.C. § 1681i(a)(1)(A).

88. Defendant Experian failed to indicate that the inaccurate information on Plaintiff's consumer file was disputed in violation of 15 U.S.C. § 1681c(f).

89. Defendant Experian failed to delete or modify the inaccurate information on Plaintiff's consumer file and notify him that the inaccurate information had been removed in violation of 15 U.S.C. § 1681i(a)(5).

90. Defendant Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to conduct a reasonable reinvestigation and continuing to publish inaccurate information in Plaintiff's consumer file after receiving actual notice of such inaccuracies.

91. Defendant Experian published the false information to third parties.

92. As a result of the conduct, action, and inaction of Defendant Experian, Plaintiff suffered damage by the disclosure of inaccurate or false information to third parties, including but not limited to loss of credit, higher interest rates, loss of ability to purchase and benefit from a higher credit score, and the mental and emotional pain, humiliation, and embarrassment from the release of false information to third parties.

93. Defendant Experian's conduct, action, and inaction were willful.

94. Due to these violations, Defendant Experian is liable to Plaintiff in the amount of his actual damages, injunctive relief, punitive damages in excess of $5,000.00, plus attorney fees, and the costs of the action, including pursuant to 15 U.S.C. § 1681n and 1681o.

## X.     FOURTH COUNT – DEFENDANT TRANSUNION'S FCRA VIOLATIONS

95. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

96. For all the reasons stated herein, Defendant TransUnion violated the FCRA and is liable to Plaintiff for damages.

97. On or about May 6, 2025, Plaintiff, pursuant to 15 U.S.C. § 1681i(a)(1)(A), requested that Defendant TransUnion conduct a reasonable reinvestigation of Plaintiff's consumer file.

98. Defendant TransUnion failed to perform a reasonable reinvestigation required under 15 U.S.C. § 1681i(a)(1)(A).

99. Defendant TransUnion failed to indicate that the inaccurate information on Plaintiff's consumer file was disputed in violation of 15 U.S.C. § 1681c(f).

100.     Defendant TransUnion failed to delete or modify the inaccurate information on Plaintiff's consumer file and notify him that the inaccurate information had been removed in violation of 15 U.S.C. § 1681i(a)(5).

101.     Defendant TransUnion violated 15 U.S.C. § 1681i on multiple occasions by continuing to publish inaccurate information in Plaintiff's consumer file after receiving actual notice of such inaccuracies.

102.     Defendant TransUnion published the false information to third parties.

103.     As a result of the conduct, action, and inaction of Defendant TransUnion, Plaintiff suffered damage by the disclosure of inaccurate or false information to third parties, including but not limited to loss of credit, higher interest rates, loss of ability to purchase and benefit from a higher credit score, and the mental and emotional pain, humiliation, and embarrassment from the release of false information to third parties.

104.     Defendant TransUnion's conduct, action, and inaction were willful.

105.     Due to these violations, Defendant TransUnion is liable to Plaintiff in the amount of his actual damages, injunctive relief, punitive damages in excess of $5,000.00, plus attorney fees, and the costs of the action, including pursuant to 15 U.S.C. § 1681n and 1681o.

## XI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction of Plaintiff's claims;

B. Grant judgment in favor of Plaintiff on his claims;

C.  Grant Plaintiff the maximum damages he seeks under each Count, including the maximum statutory damages available under each claim where statutory damages are available and the maximum economic and non-economic damages available, including actual, emotional, general, punitive, and other damages;

D.  Award Plaintiff the costs of this litigation, including filing fees and costs;

E.  Award Plaintiff his attorney fees;

F.  Award Plaintiff an injunction against Defendants to halt the reporting and furnishing of inaccurate or false information on his credit report; and

G.  Award such other relief as the Court deems appropriate.

Dated: October 14, 2025.

Respectfully Submitted,

*s/ M. Cole Pirwitz*
M. Cole Pirwitz (0104800)
Sean P. Casey (0086378)
KOHL & COOK LAW FIRM, LLC
438 E. Wilson Bridge Rd., Ste. 200
Worthington, OH 43085
PH (614) 763-5111
FAX (937) 813 6057
pirwitz@kohlcook.com
scasey@kohlcook.com
*Attorneys for Plaintiff*

## JURY TRIAL DEMANDED

Plaintiff respectfully requests a jury trial on all triable issues.

*s/ M. Cole Pirwitz*
M. Cole Pirwitz (0104800)